USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 ____________________

No. 97-1727

 DAVID JAMES WYATT,

 Plaintiff, Appellant,

 v.

 CITY OF BOSTON, ET AL.,

 Defendants, Appellees.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,
 Stahl and Lynch, Circuit Judges.

 ____________________

 David James Wyatt on brief pro se.
 Malcolm S. Medley, Special Assistant Corporation Counsel, on
brief for appellees.
 

 ____________________
 March 26, 1998

 ____________________

 Per Curiam. This is an appeal from a jury verdict
 in favor of defendant, the City of Boston. Plaintiff David
 James Wyatt was terminated from his teaching position in the
 Boston public schools and then filed a complaint under 704(a)
 of Title VII in the Massachusetts district court. Plaintiff
 essentially claimed that the City had retaliated against him
 for filing charges with the Massachusetts Commission Against
 Discrimination concerning sexual harassment. See 42 U.S.C. 
 2000e-3(a). Plaintiff raises essentially two arguments on
 appeal and we reject both of them.
 1. Plaintiff's first argument is that because the
 City could not show that it had terminated him for a valid
 reason under the collective bargaining agreement ("CBA")
 between the City and the teachers, the City could not rebut the
 presumption that it had acted unlawfully. For this
 proposition, plaintiff relies on King v. Illinois Bell Tel.
 Co., 476 F.Supp. 495 (N.D.Ill. 1978). Even assuming arguendo
 that this court would follow King in the same factual setting,
 King would not apply here, however, because it addresses a
 different stage of the Title VII analysis from the one involved
 in this case.
 Specifically, the district court in King was
 concerned with whether the plaintiff could make a prima facie
 case of retaliation -- i.e., whether he could show that he had
 engaged in activity protected by Title VII. Because the
 conduct in which the plaintiff had engaged violated the
 collective bargaining agreement, the district court held that
 it was not protected. Id. at 501. Here, in contrast,
 plaintiff already has made a prima facie case and thus there is
 no question concerning whether the activities in which he had
 engaged were protected. Rather, plaintiff is focussing on the
 second step in the Title VII analysis -- whether the City has
 shown legitimate reasons for its actions. King simply does not
 speak to the relevance of a collective bargaining agreement in
 answering this question.
 Plaintiff cites no other cases in support of his
 position that unless an employer can show a dismissal
 accomplished within the terms of a collective bargaining
 agreement, the employer has not articulated a non-
 discriminatory reason for its actions. This is not surprising
 because plaintiff's position does not hold water. 
 Specifically, plaintiff misunderstands what constitutes
 "unlawful" action under Title VII.
 Courts refer to unlawful action at the second step of
 Title VII analysis. When a plaintiff has made out a prima
 facie case, an inference is raised that the employer
 "unlawfully discriminated against the employee." See St.
 Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993) (internal
 quotation marks and citation omitted; emphasis added). Hence
 the requirement that the employer articulate a "legitimate,
 nondiscriminatory reason" for its action. See id. at 507
 (internal quotation marks and citation omitted; emphasis
 added).
 As applied to this case, then, once plaintiff made a
 prima facie case, the presumption arose that the City had
 retaliated against him for his complaints of sexual harassment. 
 The burden shifted to the City to articulate, not that its
 reasons for dismissing plaintiff were within the CBA, but
 rather that the reasons were non-retaliatory, whether or notthey were "CBA-valid." That the City met this burden is plain
 from the evidence submitted at trial. The burden of showing
 discrimination rests always on the plaintiff and he has not met
 his burden.
 2. Plaintiff argues that a judgment entered in a
 case he initiated in Suffolk Superior Court was conclusive,
 under the doctrine of res judicata, as to the City's liability
 under Title VII. However, the City states, and plaintiff does
 not dispute, that the default judgment has since been removed. 
 Thus, res judicata does not apply.
 For the foregoing reasons, all of the district
 court's rulings were correct and we therefore affirm the
 judgment of that court. Plaintiff's motion for summary
 disposition is denied as moot, as is his motion for the trial
 transcript to be produced at government expense.